IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MAMIE FULLARD MOODY, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV206-188
)
BENNY DeLOACH, Sheriff, and )
APPLING COUNTY, GEORGIA, )
)
Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed an action pursuant to 42 U.S.C. §1983. On February 9, 2007, Defendants Benny DeLoach and Appling County, Georgia ("Defendants") filed a Motion for Summary Judgment. (Doc. No. 23). The Clerk of Court mailed a Notice to Plaintiff's attorney of record, advising her that Defendants had filed a Motion for Summary Judgment and that a response was to be filed by March 4, 2007. (Doc. No. 24). This Notice further advised Plaintiff that:

1. If you do not timely respond to this motion for summary judgment, the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendants' Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff contends that on August 10, 2004, she was arrested by an officer of the Appling County Sheriff's Department without an arrest warrant and without probable cause. (Doc. No. 1, p. 5). Plaintiff asserts that Defendants "conspired with Plaintiff's husband in an attempt to force Plaintiff to sign documents in a divorce action . . . ." (Id. at 6). Plaintiff alleges that, after her arrest, she was held at Appling County Jail and was denied necessary medical treatment by Defendants. (Id.). Plaintiff additionally appears to contend that Defendants maliciously prosecuted her and also defamed her and her family. (Id. at 8).

First, Defendants contend that Defendant DeLoach is entitled to summary judgment on Plaintiff's constitutional claims based upon Eleventh Amendment immunity. (Doc. No. 23, pp. 3-4). Next, Defendant Appling County asserts that it is entitled to summary judgment because none of the alleged constitutional violations were the result of the county's policies or customs. (Id. at 5-7). Defendant DeLoach asserts that there is no evidence that he has implemented an unconstitutional policy, practice, or custom that resulted in the violation of Plaintiff's rights. (Id. at 7-10). Defendants assert that Plaintiff's claims fail on their merits (Id. at 10-16), and that even if Plaintiff's rights were violated, she seeks to hold Defendants liable based only upon an improper theory of respondeat superior. (Id. at 17-18). Finally, Defendants contend that Plaintiff's state law claims fail on the merits, that they are likewise barred by sovereign immunity, and that Plaintiff failed to provide the county with *ante litem* notice as required by state law. (Id. at 18-21).

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case

at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F.3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that they are entitled to summary judgment because Plaintiff fails to establish that either Sheriff DeLoach or Appling County had any direct involvement in the alleged constitutional violations, and fails to establish any other basis for their liability outside an improper respondeat superior theory. First, the liability of a local government such as Appling County under §1983 may not be based upon a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). Thus, a county may not be held liable for the unconstitutional conduct of its employees solely by virtue of the employment relationship. Instead, liability must stem from the "execution of a government's policy or custom, whether made by its law makers or by those whose edicts or acts may fairly be said to represent official policy. . . ." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38. Accordingly, in order to hold Appling County liable for the alleged actions of its employees, Plaintiff must "identify a municipal 'policy' or 'custom' that caused [her] injury." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). In doing so, Plaintiff may point to either an "official" policy, which is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the County's] officers," or to an "unofficial" custom or practice "even though such a custom has not received

formal approval through the body's official decisionmaking channels," Monell, 436 U.S. at 690-691, 98 S. Ct. at 2036.

Defendants assert that Appling County cannot be liable in this case under this "official policy or custom" analysis because, in this state, counties have no control over the Georgia sheriff's law enforcement function. (Doc. No. 23, p. 6 (citing Grech v. Clayton County, Georgia, 335 F.3d 1326, 1336 (11th Cir. 2003))). Defendants contend that Appling County is not responsible for the sheriff's department or the jail, and thus Plaintiff cannot show any "official policy or custom" as is required to hold a county liable under §1983. To support their position, Defendants offer the affidavit of Sheriff DeLoach, who states that "[n]either Appling County, Georgia, nor any of its agents, have any responsibility for the operation of my department, or jail, except Appling County is responsible for funding the operations of both my department and the jail. However, they have no operational control over either." (Doc. No. 23, Exh. A, p. 2). Conversely, Plaintiff has offered nothing to create a genuine issue of material fact as to whether the alleged constitutional deprivations were the result of Appling County policy or custom, and therefore Defendant Appling County is entitled to summary judgment.

Furthermore, Defendants assert that Sheriff DeLoach had no involvement in the alleged violations of Plaintiff's rights. The doctrine of respondeat superior is not available to render a supervisor liable under §1983 for the unconstitutional conduct of his subordinates. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may

AO 72A
(Rev. 8/82)

5

be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id.

In support of his position, Sheriff DeLoach offers his own affidavit, in which he asserts that he had no personal involvement in the incarceration of Plaintiff save his authorization of the acceptance of her property bond. (Doc. No. 23, Exh. A, p. 2). Sheriff DeLoach also states that during his tenure, he has "not been made aware of any problem within my department involving false arrest, malicious prosecutions, invasions of privacy, deprivations of liberty, or denials of medical care by members of the Appling County Sheriff's Department, including deputy sheriffs and jail personnel." (Id.). Defendants also submit Plaintiff's deposition testimony, in which she admits not having seen Sheriff DeLoach at any time during the incident in question, and not having any firsthand knowledge of Sheriff DeLoach's policies for the jail. (Doc. No. 26, pp. 32-33, 36). Plaintiff has offered no evidence of either Sheriff DeLoach's personal involvement in the alleged constitutional violations or of any causal connection between his conduct and the alleged violations. Though she alleges in her Complaint that the alleged unconstitutional actions were taken pursuant to the Sheriff's "policy, practice, and custom," it is clear that Plaintiff may not rely upon the mere allegations of her pleadings in opposing a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). Accordingly, Sheriff DeLoach is entitled to summary judgment on Plaintiff's claims against him.

It is unnecessary to discuss Defendants' additional arguments in favor of summary judgment.[1] Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Unopposed Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.[2]

So **REPORTED** and **RECOMMENDED** this 26th day of April, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's Complaint also purports to assert various state law claims, invoking the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Because Plaintiff's federal claims over which the Court had original jurisdiction are due to be dismissed, the Court should decline to exercise its discretionary supplemental jurisdiction over the state law claims. See 28 U.S.C. §1367(c)(3).

[2] The Clerk is directed to serve a copy of this Report and Recommendation on both Plaintiff's counsel of record and on Plaintiff herself, at Post Office Box 251, Waycross, GA 31501. (See Doc. No. 18).

AO 72A
(Rev. 8/82)

7